**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4479**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ANTHONY SHENEER WRIGHT,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:00-cr-00140-F-1)

─────────────

Submitted:  November 10, 2011      Decided:  December 8, 2011

─────────────

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Shaneer Wright appeals the sixty-month sentence imposed after the district court revoked his supervised release. On appeal, Wright asserts that his sentence was procedurally unreasonable because the district court failed to adequately explain its reasons for imposing a sentence above the thirty-seven to forty-six month Guidelines range. Finding no error, we affirm.

This court reviews a sentence imposed upon revocation of a defendant's supervised release to determine whether the sentence is "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Reasonableness review has both procedural and substantive components. Id. at 438-39. In determining whether a revocation sentence is "plainly unreasonable," we must first determine whether the sentence is procedurally unreasonable.[1] Id. at 438.

Although a sentencing court must consider the Chapter Seven policy statements and the relevant 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors in fashioning its sentence, the sentencing court retains broad discretion to revoke a defendant's supervised release and impose a term of imprisonment

---

[1] Because Wright does not contend that his sentence is substantively unreasonable, we need not address that second component of the reasonableness inquiry.

2

up to the statutory maximum. Id. at 439. Moreover, "a court's statement of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from [pre-Booker[2] mandatory] guidelines" at sentencing for criminal offenses. Id. (internal quotation marks omitted). Only if the defendant demonstrates that the sentence is unreasonable will this court consider whether the sentence is "plainly unreasonable."[3] Id.

With these standards in mind, we have reviewed the record on appeal and conclude that the district court adequately explained its reasons for rejecting Wright's argument for a within-Guidelines sentence and for sentencing Wright to the statutory maximum sentence of sixty months' imprisonment. We are not persuaded that the sixty-month sentence imposed was unreasonable, let alone plainly unreasonable. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

---

[2] United States v. Booker, 543 U.S. 220 (2005).

[3] Contrary to the Government's argument, Wright preserved this claim by requesting a sentence lower than the one ultimately imposed. United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010).

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED